THE STATE, EVANS ET AL., PROSECUTORS, v. ECKERSON, COLLECTOR.

Construction of the act entitled, "an act creating a county board of commissioners of appeal in cases of taxation, and for equalizing assessments for taxes in the county of Hudson," approved April 4th, 1873.

On *certiorari*.

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the prosecutors, *Flemming*.

For the defendant, *Besson*.

The opinion of the court was delivered by

VAN SYCKEL, J. The determination, in this case, involves the construction of the act entitled, "an act creating a county board of commissioners of appeal in cases of taxation, and for equalizing assessments for taxes in the county of Hudson," approved April 4th, 1873. (*Laws*, 1873, *p.* 794.)

The draftsman of this act has succeeded in making its purpose very obscure in some of its provisions.

In *Trask* v. *Carragan, Collector, ante p.* 264, this court held that the power of this board of commissioners to act is limited to the single instance when it shall appear that the value of property, contained in any duplicate, is relatively less than the value of other property in the county, and that the board must adjudge that such inequality exists before they can proceed.

When this conclusion has been reached, the 4th section authorizes this board, for the purpose of taxing and adjusting the proportion of quota of each duplicate, and for no other, to add to the valuations therein such per centage as shall appear just and equitable, or to increase or diminish the valuation of any particular piece of property; such increase or diminution to be made, and, if the commissioners deem best, after the examination of witnesses. For this purpose the commissioners meet on the first Monday in June, and the 5th section requires the several assessors to attend before them, for the space of ten days, to aid them at arriving at a fair adjustment of values throughout the whole county. If the board shall deem it proper, in order to adjust the quota, to increase the assessment of any individual tax payer, section 8 requires five days' notice to the person interested to appear and show cause why the assessed value of his property shall not be increased; but, if the adjustment is effected by adding an equal per centage to the entire duplicate, the 8th section does not apply.

In the latter case, after the assessment abstracts are returned to the several assessors, notice must be served, as provided by the 6th section; the proviso in the latter part of this section

State, Evans, pros., v. Eckerson, Collector.

is repugnant, incongruous and void. When all the appeals have been heard and decided, and all the values corrected on the assessors' abstracts of ratables, the 9th section directs the board of commissioners to make the apportionment of state and county tax, and after the apportionment is made to return the book to the assessors.

These proceedings, on the part of this board, dispenses with the meeting of the county board of assessors, whose meeting on the first Monday in September, under the general tax law, is abolished.

The 16th section provides that the several bodies or boards, known as commissioners of appeal in cases of taxation, as now constituted, shall be retained in full force, and be authorized to hear and determine all appeals in cases of taxation, as heretofore. From these recitals it appears that the principal object of this act is to establish the quota that each township must contribute toward the state and county taxes, as to which the adjustment of this special board is final and conclusive upon the township, if made in due form.

After this, when the commissioners of appeal in cases of taxation meet on the fourth Tuesday of November, in each township, every tax payer has his right of appeal from the valuation of his property, as it then stands upon the assessor's duplicate. This valuation the commissioners of appeal may increase or diminish, according to the circumstances, in pursuance of the provisions of the general tax law, but they cannot disturb the quota of state and county tax, which has been apportioned to the township by the special board.

Under the reading of the act, the assessment against the prosecutors must be reduced to the sum of $33,000, the amount of the original valuation by the assessors, because it was raised to the sum of $52,000 by the special board of commissioners, without giving the prosecutors the notice required by the 8th section.

Justice WOODHULL concurred.